IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| EVELYN L. MIDDLETON,<br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>*Defendant.* | CASE NO. 6:13-cv-00002<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant United States of America's ("Defendant") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). After reviewing Plaintiff's pro se complaint and considering the parties' filings, I find that a hearing on Defendant's motion is unnecessary,[1] and I will grant Defendant's motion to dismiss for the following reasons.

**I. BACKGROUND**

Plaintiff's complaint is her third filed in this Court within the last year, and her eleventh lawsuit related to a dispute over her retirement account with a former private employer and subsequent federal agency decisions. In her most recent complaint, Plaintiff alleges that various individuals employed by the United States Department of Labor ("DOL") "breached their fiduciary duties to her by disseminating misleading information, which denied plaintiff rights and benefits under The Employee Retirement Income Security Act (ERISA)." Since I have described Plaintiff's core factual allegations twice before, *see Middleton v. United States*, No.

---

[1] "In accordance with Federal Rule of Civil Procedure 78(b), the Court may determine a motion without an oral hearing." W.D. Va. Civ. R. 11(b).

1

6:12-CV-00041, 2012 WL 5426842 (W.D. Va. Nov. 7, 2012); *Middleton v. United States*, No. 6:12-CV-00022, 2012 WL 4458475 (W.D. Va. Aug. 2, 2012), I will summarize Plaintiff's most recent allegations only briefly.  Between 2001 and 2005, Plaintiff filed with the DOL complaints about fraud and misrepresentations related to a 403(b) retirement account.  In pursuing her complaints, Plaintiff spoke to or corresponded with multiple benefit advisers and supervisors employed by the DOL.  According to Plaintiff, the DOL informed her that it did not believe that her complaints warranted agency action, but that she was free to bring a private ERISA claim.  Dissatisfied with her interactions with the DOL, Plaintiff filed a complaint about the handling of her case with the DOL's Office of Inspector General.  Ultimately, Plaintiff asserts that the DOL employees she dealt with "breached their duties to plaintiff by disseminating misleading information to her that she was forced to ignore," by making false statements, and by trying "to jeopardize her complaints" about the administration of her 403(b) account.

## II. Legal Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint . . . [I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  A court considering dismissal under Rule 12(b)(6) must take the facts in the light most favorable to the plaintiff.  *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991).  Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rather, to survive a motion to dismiss, a complaint must contain enough factual allegations to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  In evaluating "plausibility," the court may not rely on mere "labels and conclusions" or a plaintiff's

"formulaic recitation of a cause of the elements of a cause of action." *Id.* at 555. Instead, the factual allegations must be enough to raise "a right to relief above the speculative level." *Id.* Thus, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pro se pleadings liberally. *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quoting *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978)). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. DISCUSSION

Plaintiff's claims are barred by sovereign immunity, and I will therefore grant Defendant's motion to dismiss. The doctrine of sovereign immunity provides that the United States may only be sued where its immunity has been explicitly waived. *Kerns v. United States*, 585 F.3d 187, 193–94 (4th Cir. 2009) ("Absent a statutory waiver, sovereign immunity shields the United States from a civil tort suit."). Waivers of sovereign immunity are construed strictly in favor of the government. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992). If sovereign immunity has not been waived, federal courts lack subject matter jurisdiction over the claim. *See FDIC v. Meyer*, 510 U.S. 471, 475–76 (1994). The Plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In this case, Plaintiff has not identified, either explicitly or implicitly, any waiver of sovereign immunity that would permit this Court to exercise subject matter jurisdiction. Even construing Plaintiff's pro se complaint liberally, the only arguable source of any such waiver rests in ERISA.[2] Section 1132 of Title 29 grants plan participants the right to bring a civil action to redress ERISA violations, but it "does not provide a waiver of sovereign immunity which would permit the suit to be brought against the United States." *Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994). Accordingly, Plaintiff's action must be dismissed for lack of subject matter jurisdiction.

In both of Plaintiff's prior cases in this district, Defendant has requested that I impose on Plaintiff the same system of pre-filing review imposed by the Eastern District of Virginia. Although both times I denied Defendant's request, I warned Plaintiff that if she persisted in filing suits that mirror her previous suits and that lack adequate legal or factual foundation, I would institute pre-filing review. Because Plaintiff has again filed a suit that simply restates her earlier complaints and utterly lacks any legal or factual support, I will grant Defendant's request to institute the same pre-filing review ordered by the Eastern District of Virginia. Plaintiff will not be permitted to file in the Western District of Virginia any actions that are related to her retirement account or any individual's or agency's handling of her complaints about that account, unless she obtains pre-authorization from a District Court judge upon a finding that the case could be meritorious and is not vexatious or repetitive.

If Plaintiff wishes to file a related action, she must submit a motion requesting leave to file, a proposed complaint, and a copy of this Memorandum Opinion and the accompanying Order implementing the system of pre-filing review to the Clerk, who is directed to file the

---

[2] In one of Plaintiff's previous actions, I found that sovereign immunity also barred Plaintiff from bringing suit against the United States under the Federal Tort Claims Act. *See Middleton v. United States*, No. 6:12-CV-00041, 2012 WL 5426842, at *2–3 (W.D. Va. Nov. 7, 2012).

submission conditionally on the Court's miscellaneous docket. The Court will then determine if leave should be granted for the filing of the action. If the Court approves the filing and allows Plaintiff to proceed with an action, Plaintiff may be required to seek leave of Court to file any motion within such action. Leave would be freely granted when the interests of justice so dictate. If Plaintiff were allowed to proceed with an action, and it was later determined that Plaintiff's Complaint was baseless, vexatious, or repetitive, Plaintiff would be subject to the possibility of sanctions, after an opportunity to show cause, as justice so dictates.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss shall be granted, and Plaintiff's case shall be struck from the Court's active docket.[3] An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to Plaintiff and all counsel of record.

Entered this __7th__ day of May, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[3] On April 8, 2013, Plaintiff filed a motion to continue, the grounds for which were largely restatements of the allegations contained in her Complaint. Plaintiff's motion was construed as a response brief in opposition to Defendant's motion to dismiss for the purposes of this opinion. In light of my decision to grant Defendant's motion to dismiss, Plaintiff's motion to continue shall be denied as moot.